BOARDMAN, Judge.
The state petitions for writ of common law certiorari to review a trial court order granting defendants’/respondents’ motion in limine, thereby excluding certain Williams rule evidence. We grant the writ.
The trial court originally denied respondents’ motion, only to reverse itself after the lunch recess and grant the motion, not for the reason that it was convinced that such a ruling was correct, but merely to give the state the opportunity to seek appellate review. We think such action is analogous to seeking an advisory opinion, which is not within the jurisdiction of this court under the current appellate rules. See generally 3 Fla.Jur.2d Appellate Review § 440.[1]
It is absolutely essential to the speedy and proper disposition of cases pending in the judicial system that our trial judges make a reasoned determination of all issues before them rather than deferring to the judgment of the appellate courts, which engenders piecemeal and perhaps unnecessary appeals and results in undue delay and additional expense. This court will not review issues which the trial court has not previously decided; the initial decision is the responsibility of the trial court.
Accordingly, certiorari is granted, the trial court’s order granting respondents’ motion in limine is quashed, and the cause is remanded for a prompt ruling by the trial court using its best judgment and based on the facts and the law, which is the responsibility and duty of a trial judge.
SCHEB, C. J., and SCHOONOVER, J., concur.

. Even under the prior appellate rules, specifically Florida Appellate Rule 4.6, a question could be certified from a circuit court to an appellate court only if the question was without controlling precedent in this state. F.A.R. 4.6(a).