455 So.2d 602 (1984)
Jimmy Lee DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1831.
District Court of Appeal of Florida, Fifth District.
September 6, 1984.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Chief Judge.
Jimmy Lee Davis appeals his two concurrent sentences of fifteen years incarceration. He challenges the propriety of the trial court's departure from the sentencing guidelines recommendation.
On September 26, 1980, Davis was placed on ten years' probation with one year incarceration for robbery and aggravated battery. On December 7, 1983, he pleaded guilty to violating his probation by having committed two robberies and one attempted rape in Missouri, whereupon the trial court adjudicated him guilty of the robbery and aggravated battery. The Missouri court had sentenced Davis to 18 years on these offenses. At the sentencing hearing on December 9, 1983, defense counsel argued that the Missouri offenses could not be used in the scoring under the sentencing guidelines and the court agreed. Davis' score was 74 without the Missouri offenses. This score had a potential sentence range of 30 months to three-and-a-half years. Fla.R.Crim.P. 3.988(c). The state requested that the trial court use the Missouri offenses as aggravating factors and the court stated:
THE COURT: ... I'm inclined to agree with the prosecutor, that this Defendant *603 has demonstrated as soon as he was released he went back to robbery. And I think it would be a travesty of justice and serious threat to the peace of our community to permit this Defendant to go to jail for the period prescribed by the guidelines, a period of which he will serve 60 percent approximately and be released. He's dangerous. It's a wonder that somebody hasn't been killed yet.
It's going to be the sentence of this Court that the Defendant be remanded to the Department of Corrections for a period of  what was he adjudged on? Both?  for a period of 15 years on each count, these terms to be served concurrently to each other, but consecutive to any other sentence he might be serving anywhere else.
The written statement delineating the reasons for departure was as follows:
The defendant has committed two robberies since being placed on probation on this charge. He is a serious threat to the safety of society.
This appeal ensued.
Davis contends the sentence is excessive because the Missouri court has already sentenced him on the offenses which prompted the trial court to depart from the guidelines sentence recommendation. First, we note that the trial court correctly refused to use the Missouri convictions in the scoring. Florida Rule of Criminal Procedure 3.701(d)(5)(a) defines prior record for purposes of the sentencing guidelines as follows:
"Prior record" refers to any past criminal conduct on the part of the offender, resulting in conviction, disposed of prior to the commission of the instant offense. Prior record includes all prior Florida, federal, out-of-state, military and foreign convictions.
Sub judice, on April 3, 1980, Davis committed the offenses for which he was being sentenced below. He committed the Missouri offenses on September 1 and 13, 1981, subsequent to the offenses which were the subject of the sentencing. Therefore, the Missouri offenses are not within the definition of "prior record." This does not mean, however, that the trial court could not depart from the guidelines recommendation based upon the Missouri convictions. Florida Rule of Criminal Procedure 3.701(d)(11) provides:
Departures from the guidelines sentence: Departures from the presumptive sentence should be avoided unless there are clear and convincing reasons to warrant aggravating or mitigating the sentence. Any sentence outside of the guidelines must be accompanied by a written statement delineating the reasons for the departure. Reasons for deviating from the guidelines shall not include factors relating to either instant offense or prior arrest for which convictions have not been obtained.[[1]]
Nothing in the rule precludes departure based upon Davis' Missouri convictions subsequent to his having been placed on probation, and certainly such serious misconduct is a clear and convincing reason for departure.
AFFIRMED.
FRANK D. UPCHURCH, Jr., and COWART, JJ., concur.
NOTES
[1] This portion of the rule has been amended effective July 1, 1984, as follows:

Departures from the guideline sentence: Departures from the presumptive sentence guideline range should be avoided unless there are clear and convincing reasons to warrant aggravating or mitigating the sentence. Any sentence outside of the guidelines must be accompanied by a written statement delineating the reasons for the departure. Reasons for deviating from the guidelines shall not include factors relating to either instant offense or prior arrests for which convictions have not been obtained. Reasons for deviating from the guidelines shall not include factors relating to prior arrests without conviction. Reasons for deviating from the guidelines shall not include factors relating to the instant offenses for which convictions have not been obtained.