461 So.2d 1015 (1984)
David Allen PRINCE, Appellant,
v.
STATE of Florida, Appellee.
No. 84-211.
District Court of Appeal of Florida, Fourth District.
December 28, 1984.
Motion for Rehearing and Request for Certification Denied January 23, 1985.
Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert L. Teitler, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
David Allen Prince challenges the trial judge's departure from the sentencing guidelines when he sentenced appellant on two counts of burglary.
In 1983 Prince appealed from his conviction of the underlying burglaries. This court reversed and remanded for a new trial. Prince v. State, 438 So.2d 1014 (Fla. 4th DCA 1983). Between reversal and retrial, appellant committed and was convicted of two other offenses. On retrial the jury again found him guilty of the initial burglary charges. Appellant elected sentencing according to the new guidelines, under which he would have received a nonprison sanction. Instead, the trial judge departed from the guidelines and stated on the record:
I cannot believe that the court cannot consider this gentleman's background in the light of these other offenses and other sentences that he has already received. I will deviate, and having been found guilty by the jury and adjudicated *1016 guilty by the court, it is the sentence of the court that you be committed to the custody of the Division of Corrections to be imprisoned for a term of five years. Also, on Count II, five years to run concurrent.
The judge did not state his reasons for departing from the guidelines in writing.
Appellant contends that the trial judge erred in departing from the guidelines based on offenses and convictions occurring after the burglary for which he was being sentenced, and in failing to provide a written statement delineating the reasons for his departure.
The Fifth District Court of Appeal in Davis v. State, 455 So.2d 602 (Fla. 5th DCA 1984), approved a departure from the guidelines based upon a subsequent conviction:
Sub judice, on April 3, 1980, Davis committed the offenses for which he was being sentenced below. He committed the Missouri offenses on September 1 and 13, 1981, subsequent to the offenses which were the subject of the sentencing. Therefore, the Missouri offenses are not within the definition of "prior record." This does not mean, however, that the trial court could not depart from the guidelines recommendation based upon the Missouri convictions. Florida Rule of Criminal Procedure 3.701(d)(11) provides:
Departures from the guidelines sentence: Departures from the presumptive sentence should be avoided unless there are clear and convincing reasons to warrant aggravating or mitigating the sentence. Any sentence outside of the guidelines must be accompanied by a written statement delineating the reasons for the departure. Reasons for deviating from the guidelines shall not include factors relating to either instant offense or prior arrest for which convictions have not been obtained.
Nothing in the rule precludes departure based upon Davis' Missouri convictions subsequent to his having been placed on probation, and certainly such serious misconduct is a clear and convincing reason for departure.
Id. at 603 (emphasis and footnote omitted).
Davis provides clear support for the sentence which the trial judge imposed sub judice and we hold that the trial judge properly considered appellant's subsequent convictions.
We do not believe this decision conflicts with Harvey v. State, 450 So.2d 926 (Fla. 4th DCA 1984), wherein the court stated:
We hold that past criminal conduct which cannot be considered in computing the scoresheet cannot be relied upon as justification for departure from the guidelines. Indeed, reliance on the first four items cited by the trial court as a basis for departure is clearly proscribed by Rule 3.701(11), which provides in pertinent part that "Reasons for departing from the guidelines shall not include factors relating to either instant offense or prior arrests for which convictions have not been obtained."
Id. at 928 (emphasis omitted).
The holding in Harvey relates to prior criminal conduct for which convictions have not been obtained. The Committee Notes state that Rule 3.701(d)(11) prohibits a trial judge from relying on such conduct as a basis for departing from the guidelines. However, this case does not concern past criminal conduct or prior arrests for which convictions have not been obtained. Instead, it involves subsequent offenses for which convictions have been obtained. Appellant's subsequent convictions demonstrate an escalating pattern of criminal activity similar to that which the Fifth District found to constitute a clear and convincing reason to warrant aggravating the sentence. See Burke v. State, 456 So.2d 1245 (Fla. 5th DCA 1984).
Although we affirm the sentence imposed by the trial court, we do not find the trial judge's comments on the record sufficient to satisfy the requirements of Florida Rule of Criminal Procedure 3.701(d)(11). See Williams v. State, 462 So.2d 23 *1017 (Fla. 4th DCA 1984). Therefore, we remand this cause to the trial court with directions to set forth in writing his reasons for departing from the guidelines.
AFFIRMED but REMANDED WITH DIRECTIONS.
ANSTEAD, C.J., and HURLEY, J., concur.