499 So.2d 54 (1986)
Robbie PUGH, Appellant,
v.
STATE of Florida, Appellee.
No. BG-370.
District Court of Appeal of Florida, First District.
December 23, 1986.
Kenneth D. Driggs, Asst. Public Defender, Tallahassee, for appellant.
Kurt L. Barch, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
On February 19, 1985, this court affirmed appellant's conviction for grand theft, but reversed his sentence because the sentencing scoresheet was improperly calculated. Pugh v. State, 463 So.2d 582 (Fla. 1st DCA 1985). On remand, the trial court based appellant's presumptive sentence on the 87 points approved in that opinion, but departed from the sentence recommended by the guidelines based on appellant's "past criminal history."
On appeal, appellant argues that the trial court's reason for departure was invalid, and we agree. Hendrix v. State, 475 So.2d 1218, 1220 (Fla. 1985). On remand, the trial court may calculate a new guidelines scoresheet based on current information about appellant's prior record, including any convictions prior to the offense in question which were not included in the original scoresheet and not disapproved in our prior opinion. Any convictions obtained after the offense in question may not be included in the guidelines scoresheet, but may be used as a basis for departure. Hunt v. State, 468 So.2d 1100 (Fla. 1st DCA 1985); Prince v. State, 461 So.2d 1015 (Fla. 4th DCA 1985); Davis v. State, 455 So.2d 602 (Fla. 5th DCA 1984).
REVERSED AND REMANDED.
BOOTH, C.J., and JOANOS, J., concur.