HALL, Judge.
Arthur Nichols appeals from final judgment and sentencing for escape. We affirm.
The appellant was arraigned on charges of trespass and battery. Without the benefit of legal counsel he pled guilty to both charges. The trial court sentenced the appellant to fifty days’ imprisonment for the trespass charge and one year’s imprisonment for the battery charge. While serving his sentences the appellant escaped from the custody of the Department of Corrections. He was arrested and charged with escape.
The appellant filed a motion to dismiss the escape charge on the grounds that he had not waived counsel at his arraignment for trespass and battery and, therefore, his conviction was invalid. The trial court denied the motion without prejudice to allow the appellant an opportunity to have the unlawful sentence vacated. The trial court entered an order vacating the sentence but denied the appellant’s second motion to dismiss the escape charge. The appellant was adjudicated guilty and sentenced to five years in prison for escape.
On appeal the appellant contends that he should not have been convicted of escape since he was never lawfully in custody.
Although the appellant’s sentences for trespass and battery were illegal and ultimately vacated, he was imprisoned under *1244 some color of law. A person who escapes while under lawful confinement, though the conviction is later set aside, is not entitled to self-help but, nevertheless, must bear the penalty for the separate and distinct offense of escape and must rely on the appropriate remedy of appellate review. Watson v. Culver, 110 So.2d 674 (Fla.1949); Lawson v. State, 312 So.2d 522 (Fla. 4th DCA 1975).
Accordingly, the appellant’s judgment and sentence are affirmed.
RYDER, A.C.J., and THREADGILL, J., concur.