518 So.2d 1336 (1987)
Riley Bernard SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 87-97.
District Court of Appeal of Florida, Fifth District.
December 24, 1987.
Rehearing Denied February 5, 1988.
*1337 James B. Gibson, Public Defender, and Christopher S. Quarles, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, Joseph N. D'Achille, Jr. and Kellie A. Nielan, Asst. Attys. Gen., Daytona Beach, for appellee.
UPCHURCH, F.D., Jr., Judge, Retired.
Smith appeals his resentencing for armed robbery. Smith was charged with and convicted of the November 7, 1985 armed robbery of a restaurant. Originally, a sentencing guideline scoresheet was prepared, indicating a recommended range of three and one-half to four and one-half years imprisonment. The trial judge departed from the recommended sentence and imposed a six year sentence. Smith appealed to this court on March 31, 1986 and by opinion dated October 9, 1986, this court reversed, finding none of the reasons given for departure was valid and "remanded for resentencing within the presumptive guideline range." 495 So.2d 876.
Meanwhile, by informations filed in Lake County in January, February and March 1986, Smith was charged with five other armed robberies which had been committed before the instant robbery. On September 2, 1986, while the appeal to this court was still pending, Smith entered guilty pleas to all five charges and was sentenced to concurrent seven and one-half year terms on each.
Upon remand of the instant matter, the state prepared a new sentencing guideline scoresheet which included the five Lake County convictions as "prior offenses." This resulted in a recommended sentence of life imprisonment.
The interesting question presented is whether a defendant who has successfully appealed a departure sentence of six years can then be resentenced to a life term because additional convictions are factored into the scoresheet which were not previously available.
Smith first argues that upon remand he could not, consistent with double jeopardy principles, be sentenced to life imprisonment after he had successfully challenged on appeal the improper departure sentence. Smith argues that this violates North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) and that principles of fairness prohibit an increase in his sentence following a successful appeal.
There does not appear to be any constitutional impediment to sentencing a defendant to a greater sentence upon a determination that his first sentence is invalid, at least where there is no basis for concluding that judicial vindictiveness played a part in the sentence. Texas v. McCullough, 475 U.S. 134, 106 S.Ct. 976, *1338 89 L.Ed.2d 104 (1986). There is no evidence here indicating that the life sentence was imposed upon Smith as a vindictive penalty for having taken his first appeal. Rather, the sentence was the result of new information placed before the trial court and this does not violate a defendant's constitutional rights. See Wasman v. United States, 468 U.S. 559, 104 S.Ct. 3217, 3223, 82 L.Ed.2d 424 (1984). ("Consideration of a criminal conviction obtained in the interim between an original sentencing and a sentencing after retrial is manifestly legitimate").[1]
There being no constitutional prohibition to a greater sentence, the next question concerns the effect of this court's prior decision reversing the departure sentence and remanding for sentencing within the presumptive guideline range. Our supreme court has recently declared that "[g]enerally, when all of the reasons stated by the trial court in support of departure are found invalid, resentencing following remand must be within the presumptive guidelines sentence." Shull v. Dugger, 515 So.2d 748 (Fla. 1987). Shull involved an attempt to enunciate new reasons for a departure upon remand following reversal of the departure sentence. We do not read Shull as mandating that Smith be resentenced to somewhere between three and one-half and four and one-half years imprisonment if Smith's scoresheet was properly revised to reflect as "prior record" additional convictions obtained after the first appeal was taken and prior to resentencing (for criminal conduct committed prior to the instant crime) which results in a higher presumptive sentence.[2]
In considering the question of "prior record" we begin by noting that Smith was sentenced on remand on November 26, 1986. "Prior Record" since October 1, 1986 for purposes of scoresheet computation refers to:
[A]ny past criminal conduct on the part of the offender, resulting in conviction, prior to the commission of the primary offense.
Fla.R.Crim.P. 3.701(d)(5)(a).
The Second District in a series of cases has held that under the above language, a crime committed prior to the offense for which sentencing is to be imposed should be factored into the guidelines so long as the conviction of the prior crime takes place before the sentencing. Cousins v. State, 507 So.2d 651 (Fla. 2d DCA 1987); Falzone v. State, 496 So.2d 894 (Fla. 2d DCA 1986); Frank v. State, 490 So.2d 190 (Fla. 2d DCA 1986). In the first case, Frank, the court stated that given the commas setting off the words "resulting in conviction," the rule means that only the past criminal conduct must occur prior to the commission of the primary offense and the crime should be scored even though conviction does not occur until after the commission of the primary offense. In Falzone, the court again rejected the argument that for the prior crime to be factored into the guidelines the conviction must have occurred before commission of the subject crime. The court could see no reason why the rule would seek to exclude from guideline computation those convictions which occur between the commission of the subject offense and the sentencing *1339 for that offense. Falzone, 496 So.2d at 896. The court declared that "[u]se of the guidelines presupposes that all pertinent information concerning the defendant has been considered in determining the proper length of his sentence." Id.[3]
Smith argues that the Second District's view conflicts with that of other district courts, including the First District, Pugh v. State, 499 So.2d 54 (Fla. 1st DCA 1986), Hunt v. State, 468 So.2d 1100 (Fla. 1st DCA 1985), Fourth District, Prince v. State, 461 So.2d 1015 (Fla. 4th DCA 1984) and this district, Davis v. State, 455 So.2d 602 (Fla. 5th DCA 1984). In each of these cases, the courts held that rule 3.701(d)(5)(a) does not permit consideration of convictions obtained after commission of the offense in question for purposes of "prior record" in preparing the scoresheet though each held that such offenses could be used as a basis for departure. The state correctly points out that both Prince and Davis dealt with crimes actually committed after the primary offense and are therefore distinguishable from the instant case as well as the Second District cases (the decisions in Pugh and Hunt do not explicitly state whether the crimes took place before the primary offense).
We concur with the Second District's decisions that there is no logical reason why convictions obtained between commission of the primary offense and sentencing (or in our case resentencing) cannot be considered as "prior record." Such a holding promotes the uniformity in sentencing sought by the guidelines. We therefore affirm the sentence imposed. However, in light of the language in Shull v. Dugger, we elect, pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v) to certify the following question to the supreme court:
DOES THE PRINCIPLE THAT GENERALLY, UPON REVERSAL OF A DEPARTURE SENTENCE, RESENTENCING MUST BE WITHIN THE PRESUMPTIVE GUIDELINE RANGE, BAR IMPOSITION OF A GREATER PRESUMPTIVE SENTENCE BASED UPON A REVISED SCORESHEET REFLECTING AS "PRIOR RECORD" ADDITIONAL CONVICTIONS OBTAINED AFTER THE FIRST APPEAL WAS TAKEN AND PRIOR TO RESENTENCING FOR CRIMINAL CONDUCT COMMITTED PRIOR TO THE INSTANT CRIME?
AFFIRMED.
DAUKSCH and COWART, JJ., concur.
NOTES
[1] Under Florida law, a trial court is barred from increasing a legal sentence, Senior v. State, 502 So.2d 1360 (Fla. 5th DCA 1987), Hinton v. State, 446 So.2d 712 (Fla. 2d DCA 1984), but this principle has no application here since Smith's initial sentence violated the sentencing guidelines.
[2] Smith argues concepts of res judicata and collateral estoppel but this argument presupposes that the issues raised in this appeal are identical to the issues raised in his earlier appeal and they are not. Likewise, as to the doctrine of law of the case, it requires that questions of law decided on an appeal must govern the case through all subsequent proceedings. Wood v. Department of Professional Regulation, 490 So.2d 1079 (Fla. 1st DCA 1986). In the prior appeal, this court declared that the trial court's departure was based upon improper factors and could not stand. While the opinion does remand the cause for "resentencing within the presumptive guideline sentence", this was based upon the factors as presented in the appeal and so long as otherwise appropriate should not bar consideration of additional "prior record" brought to the attention of the sentencing court.
[3] In Falzone, the court noted that its previous decision of Frank v. State had been decided under an earlier version of rule 3.701(d)(5)(a) which defined "Prior Record" as referring to "any past criminal conduct on the part of the offender, resulting in conviction, disposed of prior to the commission of the primary offense. By amendment effective July 1, 1986, the words "disposed of" were deleted with our supreme court stating that this deletion did not alter the intent of the section." The Florida Bar: Amendment to Rules of Criminal Procedure, 468 So.2d 220, 221 (Fla. 1985). The Second District, noting that the rule as amended meant the same as when the words "disposed of" were included therein, found the interpretation it made in Frank applied under the amended rule. The supreme court's statement obviates any ex post facto argument here since no change in the effect of the rule was accomplished by the amendment.