HALL, Judge.
David E. King appeals from his judgment and sentence for armed robbery. He argues that the trial court erred in exceeding the presumptive guidelines sentence without clear and convincing reasons. We reverse and remand for resentencing within the guidelines.
The appellant was tried by jury and found guilty of three counts of armed robbery. Thereafter, at the sentencing hearing the trial court found the appellant to be a habitual offender and departed from the presumptive guidelines sentence solely on that basis.
The appellant appealed from that departure sentence and this court affirmed the trial court’s decision to depart but certified as a question of great public importance whether the appellant’s departure sentence could be justified by his habitual offender status. King v. State, 494 So.2d 291 (Fla. 2d DCA 1986). The supreme court answered that question in the negative stating: “section 775.084 cannot operate as an alternative to guidelines sentencing ... nor can the habitual offender statute remain viable as a reason for departure_” The supreme court remanded with directions that the case be returned to the trial court for resentencing in accordance with its opinion. King v. State, 502 So.2d 1243 (Fla.1987).
Upon resentencing, the trial court again departed from the sentencing guidelines and gave four new reasons for departure.
*311 The appellant argues that the trial court’s reasons for departure at resentenc-ing are invalid. We need not address that argument in view of Shull v. Dugger, 515 So.2d 748 (Fla.1987).
In Shull the supreme court held that when all the reasons stated by the trial court to justify departure are found to be invalid on appeal, the trial court may not enunciate entirely new reasons for departure at resentencing, but upon remand must sentence the defendant within the presumptive guidelines range. The court declined to carve out an exception for cases in which the reasons given for departure were valid at the time of the original sentencing according to appellate decisions but were later invalidated by the supreme court.
We therefore reverse the appellant’s sentence and remand for sentencing within the presumptive guidelines range.
Reversed and remanded.
SCHOONOVER, A.C.J., and FRANK, J., concur.