520 So.2d 275 (1988)
Ricky Thurman BRUMLEY, Petitioner,
v.
STATE of Florida, Respondent.
No. 71247.
Supreme Court of Florida.
February 25, 1988.
*276 Michael E. Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and A.E. Pooser, IV, Asst. Atty. Gen., Tallahassee, for respondent.
BARKETT, Justice.
In Brumley v. State, 512 So.2d 220 (Fla. 1st DCA 1987), the First District certified a question of great public importance already posed in Morganti v. State, 510 So.2d 1182, 1184 (Fla. 4th DCA 1987):
Whether, when the sole reason initially given for departure from the Guidelines was held to be valid by appellate courts at the time of sentencing but is subsequently held invalid by the Supreme Court, the trial court may on remand again depart from the Guidelines, if the new reasons given existed at the time of the original sentencing and are valid reasons for departure.
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
In Shull v. Dugger, 515 So.2d 748 (Fla. 1987), we held that a trial court must articulate all of the reasons for departure in the original order and cannot enunciate any new reasons for departure after reversal of the original sentence by an appellate court.
Accordingly, we answer the certified question in the negative, quash the decision of the district court, and remand with instructions that the trial court impose a guidelines sentence.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, GRIMES and KOGAN, JJ., concur.