521 So.2d 249 (1988)
Richard MERRIEX, Appellant,
v.
STATE of Florida, Appellee.
No. BR-417.
District Court of Appeal of Florida, First District.
March 1, 1988.
Rehearing Denied April 1, 1988.
Michael E. Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Royall P. Terry, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This cause is before us on appeal of appellant's conviction for selling crack cocaine. Appellant sold the drug to a confidential informant in a controlled street buy on July 8, 1986. Originally, he was charged with both possession and sale. Pursuant to a plea agreement in October 1986, the State dropped the possession charge in exchange for a guilty plea to the sale count. The day after appellant signed the plea agreement, he was arrested in Pinellas County on possession of cocaine charges. That case, however, was disposed of in November 1986.[1] Appellant was not adjudicated guilty for the July 1986 sale until January 1987. In other words, appellant *250 was arrested and convicted of a similar offense to that for which he was charged sub judice while he was out on bond for, and had pled guilty to, the offense sub judice.
In calculating appellant's scoresheet, the trial court did not score the Pinellas County conviction as a prior offense, although it had been disposed of by the time of sentencing in this case. Instead, the trial court used the Pinellas County conviction as a ground for departure. Appellant's scoresheet totaled 66 points, 76 being necessary to imprison him under the guidelines. If the court had scored the Pinellas County offense, appellant would have had 72 points, still insufficient to qualify him for state prison. The trial court's written reasons for departure were:
(1) Richard Merriex, while released on bond in the above cause, committed the offense of possession of cocaine, for which he was placed on probation prior to sentencing in the instant case.
(2) Richard Merriex, by committing a felony offense similar to the offense for which he is to be sentenced in the above case, while on bond in the above case, has demonstrated that he is an unfit candidate for probation and further demonstrated that he should be incarcerated in the Department of Corrections for the crime for which he stands convicted.
The contention on appeal is that the trial court should have scored the Pinellas County conviction rather than used it to depart. Rule 3.701(d)(5)(a), Florida Rules of Criminal Procedure, defines "prior record," for scoresheet purposes, as "any past criminal conduct on the part of the offender, resulting in conviction, prior to the commission of the primary offense." By definition, appellant's committing a new possession offense after the instant offense is not "past criminal conduct." It is subsequent criminal conduct, as the able trial judge recognized, and cannot be scored under "prior record." This principle was recognized in Safford v. State, 488 So.2d 141, 142 (Fla. 5th DCA 1986), and Frank v. State, 490 So.2d 190, 192 n. 1 (Fla. 2d DCA 1986). We agree with the analysis in Smith v. State, 518 So.2d 1336 (Fla. 5th DCA 1987), detailing the basis for distinguishing cases where the challenged offense occurred prior to the primary one at sentencing, from cases such as this one, where the crime occurred afterwards.
Since the Pinellas County offense could not be scored, it was proper to use it as a basis for departure. It is settled law that unscored but valid convictions can be used as grounds for departure. This is particularly so where the rules themselves do not provide a means of scoring an otherwise valid conviction. Davis v. State, 493 So.2d 82, 83 (Fla. 1st DCA 1986). See also Weems v. State, 469 So.2d 128 (Fla. 1985); Brooks v. State, 505 So.2d 442 (Fla. 1st DCA 1986). Accordingly, appellant's conviction and sentence are AFFIRMED.
BOOTH and WIGGINTON, JJ., concur.
ZEHMER, J., specially concurs with written opinion.
ZEHMER, Judge (concurring).
The state's brief in this case agrees with appellant that "under the applicable rule the conviction in Pinellas County should have been scored as a prior offense rather than used as a reason for upward departure in sentencing" without any discussion of the applicable law. Yet the majority opinion holds otherwise. Ordinarily, I would have simply accepted the state's confession of error and remanded without further research or consideration of arguments not raised by the state in opposition to appellant's contentions, particularly since the simple language of the Florida sentencing guidelines rule has already spawned more appellate cases than, perhaps, any similar rule-making endeavor in the history of American jurisprudence. But this is one instance in which I feel this court must, on its own initiative, give a straightforward interpretation to the plain language of the rule and not remand, although requested to do so by the state, on a construction that would only add further confusion and ambiguity to the sentencing process, not to mention creating conflict *251 with the cases cited in the majority opinion.[1]
Whether the prior criminal conduct giving rise to a conviction may be scored under prior criminal record even though such conduct occurred after the commission of the primary offense for which the defendant is then being sentenced is obviously governed by the language of rule 3.701(d)(5)(a), defining "prior record" as "any past criminal conduct on the part of the offender, resulting in conviction, prior to the commission of the primary offense." To answer the issue before us, therefore, the rule must be read without reference to the parenthetical phrase "resulting in conviction," as that phrase is set off by commas and thus qualifies only the antecedent phrase "past criminal conduct." So reading the plain language of the rule, the defendant's "past criminal conduct" obviously may be scored only if it occurred "prior to the commission of the primary offense." Other courts considering this language have so construed it in the cases cited in the majority opinion as well as in the cases cited in appellant's brief, and I see no compelling reason to recede from that construction.
One may perceive significant policy reasons for scoring any conviction obtained prior to the imposition of sentence on a primary offense as part of the prior criminal record without regard to whether the underlying criminal conduct giving rise to the conviction occurred before or after the primary offense. Scoring all convictions as prior criminal record precludes their use as a valid reason for departure from the guidelines and thus undoubtedly would result in more uniformity of sentencing, which is the major purpose of the guidelines rule. This may well be the underlying intent of the supreme court's rule. But the rule having been consistently construed otherwise, the trial and intermediate appellate courts should adhere to the now accepted construction until the supreme court holds otherwise or amends the rule.
With this clarification of my views, I concur in the majority opinion.
NOTES
[1] Appellant was placed on probation.
[1] If the state disagreed with the construction of the rule set forth in the cases cited in the majority opinion, at the very least it should have cited those cases and noted the reasons why we should not follow them and remand this case for resentencing.