PER CURIAM.
This cause is before us on appeals from judgments and sentences after a jury found appellant guilty of grand theft in Circuit Court Case 84-1386B, and appellant pled no contest to grand theft in Circuit Court Case 84-1226C. Appellant questions whether the trial court erred in: (1) sentencing appellant based on an inaccurate guidelines scoresheet; (2) departing from the recommended guidelines based on invalid reasons; and (3) imposing a sentence in excess of the statutory maximum based on a habitual offender finding. We affirm the judgments but remand for correction of the guidelines scoresheet and resentencing within the presumptive guidelines range.
On July 29, 1984, appellant committed grand theft by stealing an AM/FM cassette recorder from an Eckerd Drugs store. He was arrested and charged with this offense on August 28, 1984, in Case 84-1226C.
On September 13, 1984, appellant committed grand theft by stealing gold jewelry from the Treasure Chest. He was arrested and charged the same day in Case 84-1386B.
A jury found appellant guilty of grand theft in Case 84-1386B on February 27, 1985. Appellant pled no contest to grand theft in Case 84-1226C on March 1, 1985. The trial court declared appellant to be a *166 habitual offender and sentenced him to extended concurrent terms of seven years in the state prison in each case. This court reversed appellant’s sentences in Dean v. State, 493 So.2d 1114 (Fla. 1st DCA 1986), because the trial court failed to give written reasons for departure.
At the resentencing hearing on March 3, 1987, the trial court again determined appellant to be a habitual offender and departed from the recommended guidelines sentence of any non-state prison sanction by reimposing concurrent seven-year terms in both cases. The trial court gave three written reasons for departure and stated it would have departed for any one of these reasons.
We agree with appellant that misdemeanors cannot be scored as same-category offenses. Rutledge v. State, 489 So.2d 179 (Fla. 1st DCA 1986). Thus, the trial court should eliminate the ten points scored under Section III B of the guidelines score-sheet. The elimination of these points will not move appellant into a different sentencing guidelines range.
Appellant argues that the trial court’s reasons for departure at resentenc-ing are invalid and that the trial court erred in imposing a sentence in excess of the statutory maximum based on a habitual offender finding. We need not address these arguments in view of Shull v. Dugger, 515 So.2d 748 (Fla.1987), an opinion which the Florida Supreme Court issued since the parties below filed briefs in this case.
In Shull, supra, the Florida Supreme Court held that a trial court cannot enunciate any new reasons for departure after an appellate court reverses reasons given for the original departure. Accord Brumley v. State, 520 So.2d 275 (Fla.1988); King v. State, 520 So.2d 310 (Fla. 2d DCA 1988). In the instant case, the trial court based appellant’s original departure sentence solely upon the habitual offender statute, Section 775.084, Florida Statutes, which is prohibited by Whitehead v. State, 498 So.2d 863 (Fla.1986).
Accordingly, we must reverse appellant's sentences and remand with directions for the trial court to correct the guidelines scoresheet by eliminating the ten points scored for misdemeanors as same-category offenses and for resentencing within the presumptive guidelines range.
BOOTH, WIGGINTON and ZEHMER, JJ., concur.