526 So.2d 216 (1988)
Pablo MEDINA, Appellant,
v.
STATE of Florida, Appellee.
No. 86-2512.
District Court of Appeal of Florida, Second District.
June 10, 1988.
James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Lauren Hafner Sewell, Asst. Atty. Gen., Tampa, for appellee.
*217 PER CURIAM.
The appellant was on probation and subsequently was charged with, and admitted, violating probation by commission of new, substantive offenses. The sentencing guidelines scoresheet shows a range of seven to nine years, the "bump-up" for violation of probation. Instead, the trial judge sentenced him to sixty years' imprisonment, consisting of two thirty-year consecutive sentences. The trial judge gave the following reasons for departing from the guidelines:
The defendant was on probation for Trafficking in Cocaine and while on this probation committed another Trafficking offense. Based on the facts of both cases, the Court finds the Defendant showed a complete lack of respect for the Criminal Justice System and finds clear and convincing reasons due to these aggravating circumstances to exceed the sentencing guidelines.
The facts which led to the violation of probations show that on April 10, 1986, the defendant sold the Tampa Police Department six (6) ounces of cocaine. The confidential informant met with the defendant prior to April 10, 1986 in order to make the arrangements for the buy. The defendant made several statements concerning the good quality of the cocaine. The street value of the 6 ounces of cocaine finally sold was $10,000.00. This delivery occurred while the defendant was on probation for trafficking.
The facts surrounding the original offense of trafficking occurred on September 10, 1984. Pablo Medina set up the delivery of seven ounces of cocaine with the street value of $20,000.00.
IT IS ORDERED AND ADJUDGED that the facts of the instant case and the facts of the probation violation clearly reflects [sic] a pattern of behavior which indicates that the defendant is a menace to society and warrants this court to depart form [sic] the sentencing guidelines because the circumstances are so substantial and compelling as to aggravate the defendant's sentence.
We are aware of the case of State v. Pentaude, 500 So.2d 526 (Fla. 1987), allowing a departure where a trial judge finds the underlying reasons for violation of probation "sufficiently egregious." In Pentaude, the defendant had violated seven conditions of probation, two within the first two months of being on probation, and was convicted of a substantive crime during the probationary period.
We believe the order of departure here does not give clear and convincing underlying reasons to depart within the meaning of Pentaude and cases cited therein. Therefore, we reverse the sentence herein and remand for resentencing within the recommended range of the guidelines.
SCHEB, A.C.J., and SCHOONOVER and HALL, JJ., concur.