ERVIN, Judge.
Bobby Gene Sterling, Jr., appeals from the upward departure sentence imposed upon him for his conviction for unlawful sale or delivery of cocaine. He contends that all four reasons given for the departure were invalid. We disagree and affirm.
We agree with appellant that three of the four reasons given were invalid. Habitual offender status may not be used as a reason to depart. See Winters v. State, 522 So.2d 816 (Fla.1988); Whitehead v. State, 498 So.2d 863 (Fla.1986). While lack of rehabilitation may be a valid reason for departure in some circumstances, as applied in the instant case, it is not a valid reason." See Williams v. State, 504 So.2d 392 (Fla.1987); Scurry v. State, 489 So.2d 25 (Fla.1986); Harris v. State, 489 So.2d 838 (Fla. 1st DCA 1986); Roache v. State, 547 So.2d 706 (Fla. 1st DCA 1989). As for the fact that appellant was arrested on a drug charge while he was on probation for another drug charge, this, too, is invalid. Lambert v. State, 545 So.2d 838 (Fla.1989); Hendrix v. State, 475 So.2d 1218 (Fla.1985); Mooney v. State, 516 So.2d 333 (Fla. 1st DCA 1987); Medina v. State, 526 So.2d 216 (Fla. 2d DCA 1988).
However, the remaining reason — escalating pattern of criminal activity — is valid under Simmons v. State, 483 So.2d 530 (Fla. 1st DCA), review denied, 492 So.2d 1335 (Fla.1986) (escalating pattern of drug-related activities).
Because at least one of the reasons given justifies the imposition of the departure sentence, and the instant offense occurred after the effective date of Section 921.-001(5), Florida Statutes (1987), the sentence is AFFIRMED.
WENTWORTH and ZEHMER, JJ., concur.