567 So.2d 549 (1990)
Ruth WICHAEL, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1920.
District Court of Appeal of Florida, Fifth District.
October 4, 1990.
Thomas L. Edwards of Warren & Edwards, P.A., Gainesville, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Barbara C. Davis, Asst. Atty. Gen., Daytona Beach, for appellee.
W. SHARP, Judge.
Wichael appeals from sentences imposed after she was adjudicated guilty in Putnam County of three counts of uttering worthless checks.[1] The scoresheet totalled only eighteen points, placing her in the any "non-state prison sanction" bracket. It reflected only one prior misdemeanor involving a bad check in 1979. The trial judge sentenced Wichael to five years for each offense, but ran two of the sentences consecutive to the third, resulting in a 10 year total sentence. This is a seven-bracket departure upwards. We affirm, but note some anomaly in the guidelines interpretations as they impact on this case.
Appellant's first bad check offenses were committed in Putnam County: July 29, *550 1988; August 17, 1988; September 21, 1988. She was arrested for these offenses on April 19, 1989. However, prior to her arrest, on April 19, 1989, Wichael moved on to Clay County and Marion County, among others, where she committed numerous like offenses.
At the sentencing hearing in Putnam County, the trial judge stated that, within a short period of time, Wichael had committed some eighty bad check offenses in five different central Florida counties. Not all of these offenses had been prosecuted to conviction at the time of sentencing in Putnam County, but defense counsel agreed that his client had previously pled guilty and been sentenced for four felony and three misdemeanor bad check charges in Marion County, and two felonies in Clay County.
The trial judge gave as his reason for imposing a departure sentence Wichael's multi-county "crime spree" involving "large numbers" of worthless checks. Defense counsel argues on appeal that the trial court erred in using appellant's subsequent criminal behavior as a basis to depart because the prior convictions were not sufficiently proven at the sentencing hearing. But no such objection was made to the trial judge.
Defense counsel argued at the sentencing hearing that the trial judge should not consider any of the prior convictions because the offenses were committed after Wichael wrote the bad checks in this case. He did not dispute the fact that Wichael had been adjudicated for nine other bad check offenses at the time of that hearing, nor does he question those facts on appeal. We do not think the issue of proper proof of the prior convictions has been preserved for appeal. Bohannon v. State, 546 So.2d 1081 (Fla. 3d DCA 1989), rev. denied, 557 So.2d 35 (Fla. 1990); Anderson v. State, 546 So.2d 65 (Fla. 5th DCA 1989); Winters v. State, 425 So.2d 203 (Fla. 5th DCA 1983).
The sentencing guidelines forbid any scoring as "prior record" for convictions for crimes committed after the offense for which a defendant is being sentenced. Fla. R.Crim.P. 3.701.d.5. The guidelines also forbid using criminal conduct for which conviction has not been obtained as a basis to depart from the presumptive sentencing bracket. Fla.R.Crim.P. 3.701.d.11; Felts v. State, 537 So.2d 995 (Fla. 1st DCA 1988). However, it is well established that a trial court may base a departure sentence on criminal convictions which cannot be scored as "prior record." See Kirby v. State, 553 So.2d 1290 (Fla. 1st DCA 1989), rev. denied, 562 So.2d 346 (Fla. 1990); Austin v. State, 507 So.2d 132 (Fla. 1st DCA 1987); Paschall v. State, 501 So.2d 1370 (Fla. 2d DCA 1987); Pugh v. State, 499 So.2d 54 (Fla. 1st DCA 1986), disapproved of on other grounds, Thorp v. State, 555 So.2d 362 (Fla. 1990); Kigar v. State, 495 So.2d 273 (Fla. 5th DCA 1986).
Some of this case law may now be in doubt because the cases involve sentences imposed after revocation of probation. See Allen v. State, 529 So.2d 321 (Fla. 2d DCA 1988); Wright v. State, 491 So.2d 283 (Fla. 2d DCA 1986); Davis v. State, 455 So.2d 602 (Fla. 5th DCA 1984). They would now be improper pursuant to Lambert v. State, 545 So.2d 838 (Fla. 1989); Ree v. State, 565 So.2d 1329 (Fla. 1990). But other cases clearly involve imposition of departure sentences for substantive offenses, because of convictions for later criminal conduct. See Prince v. State, 461 So.2d 1015 (Fla. 4th DCA 1984); Manning v. State, 452 So.2d 136 (Fla. 1st DCA 1984); Safford v. State, 488 So.2d 141 (Fla. 5th DCA 1986).
It is somewhat anomalous to exclude later criminal convictions from scoring but to allow them to be considered in rendering a departure sentence which greatly exceeds (as in this case) the permissible sentencing guidelines bracket, if the scoring had been allowed. See Merriex v. State, 521 So.2d 249 (Fla. 1st DCA 1988). In devising an appropriate sentencing for specific conduct, the guidelines apparently try to limit the focus of the inquiry to the defendant's character and history up to that point in time, and not his or her later actions. However, departing for subsequent convictions defeats that focus or goal, if it exists.
*551 Further, the enunciated goal of not permitting "double-dipping"[2] may also be violated in these cases. For example, a defendant might be able to show that the criminal conviction for which he is being sentenced was actually used to add points to a sentence imposed for later criminal conduct. No such showing was made here.
Perhaps this is an area our supreme court should revisit. But, until it does, we are bound by the established case law. Accordingly, we affirm the departure sentence in this case.
AFFIRMED.
COBB and COWART, JJ., concur.
NOTES
[1] § 832.05(4), Fla. Stat. (1987).
[2] Lambert v. State, 545 So.2d 838 (Fla. 1989).