468 So.2d 1100 (1985)
Theodore Roosevelt HUNT, Appellant,
v.
STATE of Florida, Appellee.
No. AX-360.
District Court of Appeal of Florida, First District.
May 16, 1985.
Rehearings Denied June 5, 1985.
H. Randolph Fallin of Law Offices of H. Randolph Fallin, P.A., Jacksonville, for appellant.
Jim Smith, Atty. Gen., and Barbara Ann Butler, Asst. Atty. Gen., Jacksonville, for appellee.
*1101 WIGGINTON, Judge.
This appeal is from a judgment and sentence for armed robbery and carrying a concealed weapon. We affirm.
Under point V, appellant argues that the trial court erred in imposing a sentence outside the recommended guidelines range of three and one-half to four and one-half years incarceration. Indeed, the court did depart from the guidelines range and sentenced appellant to twenty-five years in Florida State Prison for the armed robbery count, and, to five years for the concealed firearm count. The court's reasons for departure are as follow:
1. The Court heard the Defendant testify at the trial as to alibi, which testimony the jury apparently did not believe and the jury convicted him of armed robbery as charged. This Court finds that he was not telling the truth and that his testimony was unreasonable and unworthy of belief.
2. At the time of the robbery the Defendant went to the victim's place of employment at night, knowing that the victim was there alone; pointed a gun at her and scared the victim. Although he told her he did not intend to harm her, his actions by pointing the gun at her and ordering her to the back of the store created tremendous fright in the female victim.
3. The Court finds, in considering the Defendant's demeanor, that he did not show any remorse during the trial, nor did he show any remorse this date.
4. The Court finds that the Defendant was sentenced for an unarmed robbery in December, 1983 and that he committed said unarmed robbery in close proximity to the time of the armed robbery in the case sub judice showing a total disregard for the law and also exhibiting a propensity to be dangerous to society.
5. This Court further finds that the 3 1/2-4 1/2 year guidelines is based without considering the unarmed robbery and is insufficient to property [sic] rehabilitate this man, to protect society and to provide retribution and rehabilitation of this particular Defendant.
We find reason # 1 to be improper. As in the words of our sister court, "[t]o depart from the guidelines because the jury did not `buy' a defendant's defense is somewhat analagous to enhancing a defendant's sentence because he shows no remorse when all the while he maintained he was innocent." Bowdoin v. State, 464 So.2d 596 (Fla. 4th DCA 1985). The court noted that the latter practice was condemned by this Court in Hubler v. State, 458 So.2d 350 (Fla. 1st DCA 1984).
Reason # 2, though, is proper as having an adequate basis in the record. Carney v. State, 458 So.2d 13 (Fla. 1st DCA 1984); Mincey v. State, 460 So.2d 396 (Fla. 1st DCA 1984); but cf. Knowlton v. State, 466 So.2d 278 (Fla. 4th DCA 1985). It may also be justified as taking into consideration the psychological trauma suffered by the victim. Marshall v. State, 468 So.2d 255 (Fla. 2d DCA 1985).
Reason # 3 is improper, again, since appellant maintained his innocence throughout the trial. Hubler v. State; Mischler v. State, 458 So.2d 37 (Fla. 4th DCA 1984).
However, reason # 4 is acceptable. Florida Rule of Criminal Procedure 3.701d.5.a) prohibits consideration of past criminal conduct for which convictions were not obtained prior to the commission of the primary offense for purposes of scoring under the prior record category. Here, the trial court properly did not consider the unarmed robbery conviction for that reason. However, nothing in rule 3.701 prohibited the court from taking that conviction into consideration for purposes of departure. Rule 3.701d.11. only prohibits as reasons for departure factors relating to prior arrests without conviction, or to the instant offense for which convictions have not been obtained. The court considered nothing to contravene that prohibition. In holding this reason to be proper, we note that at least two of our sister *1102 courts have arrived at similar conclusions. See Prince v. State, 461 So.2d 1015 (Fla. 4th DCA 1984); and Davis v. State, 455 So.2d 602 (Fla. 5th DCA 1984).
Finally, reason # 5 also reflects a permissible consideration. Mincey v. State.
In summation, three out of the five reasons for departure we hold to be proper, but our review of the record leaves us with no feelings of uncertainty concerning the trial court's decision to deviate from the guidelines here. Thus, we have no occasion to reverse and remand for resentencing. Brooks v. State, 456 So.2d 1305 (Fla. 1st DCA 1984).
AFFIRMED.
SMITH, J., concurs.
SHIVERS, J., dissents with written opinion.
SHIVERS, Judge, dissenting.
I respectfully dissent. I would affirm the conviction but would reverse and remand for resentencing.