SCHOONOVER, Judge.
Appellant, Jerry Lewis, seeks review of a judgment and sentence entered against him. We remand for resentencing.
While on parole for an earlier offense, appellant was charged on February 14, 1985, with robbery. He pled guilty to the charge and was sentenced under the guidelines. The point total on appellant’s score-sheet placed him in the recommended range of seven-to-nine-years imprisonment.
At sentencing, the trial judge enhanced appellant’s sentence by one cell and stated that he could do so without going outside the guidelines. He indicated on the score-sheet his reason for enhancement: “raised one category because of legal restraint (parole).” Appellant was sentenced to ten years in state prison, and this appeal timely followed.
Appellant correctly contends that the court erred in increasing appellant’s sentence, based upon his parole status, to the next higher cell. A defendant’s sentence may be increased to the next higher cell without reason for departure only where his probation or community control has been revoked. Fla.R.Crim.P. 3.701 d.14; see Boldes v. State, 475 So.2d 1356 (Fla. 5th DCS 1985). The rule does not include a similar provision for defendants who violate conditions of parole.
Seventeen points, furthermore, were added to the appellant’s scoresheet due to the fact that he was under legal constraint, i.e., on parole, at the time he committed the robbery. Because appellant’s legal status at the time of the offense had already been taken into account on his sentencing scoresheet, it cannot be considered as a valid justification for departure from the guideline-recommended sentence. See Ross v. State, 478 So.2d 480 (Fla. 1st DCA 1985); see also, Hendrix v. State, 475 So.2d 1218 (Fla.1985).
We, accordingly, reverse and remand for resentencing within the guidelines.
Reversed and remanded.
DANAHY, A.C.J., and FRANK, J., concur.