490 So.2d 190 (1986)
Raymond FRANK, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1269.
District Court of Appeal of Florida, Second District.
June 20, 1986.
*191 Claudia Jean Wheeler, Hudson, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Gary O. Welch, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
Appellant was sentenced to five years in prison for battery on a law enforcement officer. Justifying the departure from a recommended guidelines range of twelve to *192 thirty months' incarceration, the court gave the following written reasons:
1) reasons cited in the report of Probation and Parole; 2) last sentencing by this Court indicated that the defendants' engaging in a continuance course of bad conduct and violence against other people demonstrates no hope for rehabilitation.
Since the advent of sentencing guidelines, the ability of the court to rely upon the presentence report is not entirely clear. Presumably, the court can accept statements of fact set forth therein when they are not contradicted by the defendant. See Delaine v. State, 486 So.2d 39 (Fla. 2d DCA 1986). It would appear, however, that recommendations for departure can only be implemented when they are supported by factors not already taken into account in the guidelines computation or not otherwise precluded from consideration by Florida Rule of Criminal Procedure 3.701.
Here, the presentence report contained a recommendation for a sentence in excess of the guidelines for the following reasons:
A) Circumstances surrounding the subject's prior convictions for three similar batteries, the subject's conviction for AGGRAVATED BATTERY, and the subject's present conviction for the offense of BATTERY ON a law enforcement officer reflects a person of an extremely violent nature.
B) The protection of the community at large would require this period of incarceration, as evidenced by the subject's continuing involvement with law enforcement authorities, and the prospect of future involvement being quite high.
C) The subject's apparent need of extensive psychological counseling over an extended period of years.
The presentence report makes a persuasive case for departure. The problem is that the recommendation is based in large part upon appellant's history of five convictions for various types of battery.[1] The mere reliance on previous convictions already factored into the guidelines cannot justify a departure. Hindrix v. State, 475 So.2d 1218 (Fla. 1985), While an escalating pattern of criminal conduct has been held sufficient, Smith v. State, 480 So.2d 663 (Fla. 5th DCA 1985), an ongoing history of violence has been deemed invalid. Lee v. State, 486 So.2d 709 (Fla. 5th DCA 1986).
The presentence report refers to the need to incarcerate appellant for the protection of the community. Yet, in Middleton v. State, 489 So.2d 201 (Fla. 2d DCA 1986), our court recently held invalid a similar departure grounded upon the conclusion that because the present conviction constituted "the fourth conviction of this nature," the defendant needed to be in jail for the protection of society.[2]
*193 Finally, the presentence report recommended that appellant receive psychological counseling. Certainly, such a recommendation is an appropriate sentencing consideration. However, in most cases counseling can be satisfactorily accomplished without incarceration by imposing a requirement for counseling as a condition for probation.
The court also expressed a dim view of appellant's prospects for rehabilitation. This is not a valid reason for departure when, as here, it is predicated upon appellant's prior record. Patty v. State, 486 So.2d 16 (Fla. 1st DCA 1986).
Our review of the current interpretations of sentencing guidelines leads us to the conclusion that the reasons relied upon for departure were legally invalid. We affirm the conviction but remand the case for resentencing within the appropriate range of the guidelines.
DANAHY and LEHAN, JJ., concur.
NOTES
[1] We believe that the aggravated battery referred to in the presentence report was improperly excluded in the guidelines computation for sentencing in the instant case. However, the additional fifteen points for this prior second-degree felony would not have placed appellant in a higher sentencing range. The aggravated battery was committed prior to the subject offense, but appellant was not convicted and sentenced for that crime until after the subject offense had taken place. Florida Rule of Criminal Procedure 3.701 d(5)(a) provides:

"Prior record" refers to any past criminal conduct on the part of the offender, resulting in conviction, prior to the commission of the primary offense.
Because of the commas setting off the words "resulting in conviction," we read the rule as meaning that only the past criminal conduct must occur prior to the commission of the primary offense and that the crime should be scored even though the conviction does not occur until after the commission of the primary offense. If the rule were to be read to require a conviction for the prior crime before the commission of the primary offense, then the very fact of conviction of the prior offense could constitute an independent basis for departure because it could not be used in the guidelines calculation. See Weems v. State, 451 So.2d 1027 (Fla. 2d DCA 1984), aff'd, 469 So.2d 128 (Fla. 1985).
[2] See Judge Lehan's concurring opinion listing numerous cases which seem to arrive at disparate results when departures are predicated upon the need for the protection of society as evidenced by the defendant's prior record.