493 So.2d 48 (1986)
Jessie WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 85-926.
District Court of Appeal of Florida, Second District.
August 15, 1986.
James Marion Moorman, Public Defender, Bartow, and Deborah K. Brueckheimer, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Gary O. Welch, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
Defendant Jessie Williams was convicted of burglary and dealing in stolen property. The trial court sentenced him to thirty years imprisonment on each count, with the sentences to run consecutively. We granted defendant a delayed appeal pursuant to State v. Meyer, 430 So.2d 440 (Fla. 1983). He challenges both his convictions and sentences.
Defendant raises three points. First, he contends that the trial court erred in denying his motion for acquittal on both charges against him. We find no merit to this claim. Second, defendant argues that the court improperly departed from the recommended guidelines sentence. And, even if the trial judge were correct in departing, he contends the extent of departure was unwarranted. Finally, he points out that the trial court incorrectly retained jurisdiction over ten years of his sentence.
The trial judge gave the following written reasons for his departure:
The defendant's prior record, periods of incarceration in a state prison system, the fact that he was on probation at the time of the instant offense, and the fact that the defendant has had at least two prior violations while on parole, indicates to the Court that the defendant is a *49 menace to the community and probably will again commit more crimes if he is not incarcerated. The court feels that the sentence is necessary to protect the public from further criminal activity by the defendant.
The defendant has been convicted of Burglary/Assault, and Grand Theft in case number CRC84-1726CFANO and was sentenced to seventy-five years. The defendant has been convicted of another burglary to a Dwelling and Grand Theft in case number CRC84-1679CFANO and was sentenced to forty years state prison consecutive to case number CRC84-1726CFANO. These charges are not considered on the score sheet because, pursuant to scoring procedures and Florida Rule of Criminal Procedure 3.701, the conviction cannot be scored as a prior offense or an additional offense by this Court since conviction was subsequent to this offense. Both case number CRC84-1726CFANO and CRC84-1679CFANO involved the unnecessary and excessive use of force and violence by the defendant. Further the defendant has a juvenile record which also is unscorable by the court and which shows a history of violence.
The following reasons given by the trial court are invalid: (1) the defendant's prior record, see Hendrix v. State, 475 So.2d 1218 (Fla. 1985); and (2) the necessity to protect the public from further criminal activity, see Martinez-Diaz v. State, 484 So.2d 633 (Fla. 2d DCA 1986).
The trial court's reason that defendant was on probation when he committed the instant offenses is also improper. Defendant received six points under legal constraint on his guideline scoresheet for his probationary status. Since that status was factored into the scoresheet, the trial court cannot use it as a reason for departure. See Lewis v. State, 483 So.2d 749 (Fla. 2d DCA 1986).
The trial judge referred to other convictions occurring after the commission of the primary offense for which the defendant was sentenced. Yet, the record does not disclose the date of these convictions. If they involved criminal conduct occurring before the defendant's commission of the primary offense, then these convictions should have been scored, even though they may not have occurred until after the primary offense. Fla.R.Crim.P. 3.701(d)(5)(a). See Frank v. State, 490 So.2d 190, 192 n. 1. (Fla. 2d DCA 1986). Further, the trial judge referred to the defendant's juvenile record which could not be scored. Juvenile convictions over three years old are a basis for departure. Weems v. State, 469 So.2d 128 (Fla. 1985). But, again, the record does not reveal the dates of the defendant's juvenile convictions.
Finally, we agree with defendant that the trial court erred in retaining jurisdiction over ten years of the burglary sentence. The court had no authority to retain jurisdiction over a guidelines sentence. Kerr v. State, 481 So.2d 1233 (Fla. 2d DCA 1985).
Accordingly, we affirm the defendant's convictions but vacate his sentences. We remand for resentencing consistent with this opinion. If the trial court again chooses to depart from the recommended sentence under the guidelines, defendant may challenge such departure by filing a new appeal. In light of our holding, we do not reach the defendant's contention that the extent of departure was unwarranted. See Albritton v. State, 476 So.2d 158 (Fla. 1985).
RYDER and CAMPBELL, JJ., concur.