496 So.2d 894 (1986)
James T. FALZONE, Appellant,
v.
STATE of Florida, Appellee.
No. 86-9.
District Court of Appeal of Florida, Second District.
October 17, 1986.
William R. Webb and J. Larry Hart of Carlson, Meissner, Webb & Crider, P.A., New Port Richey, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
Appellant was convicted of grand theft. § 812.014(2)(a), Fla. Stat. (1985). Evidence that he hurriedly spent large sums of money which he reasonably knew had been erroneously placed by the bank in his account was sufficient for a jury to find him guilty. His complaints concerning prosecutorial misconduct have no merit. However, we find it necessary to scrutinize the propriety of his sentence.
The court departed upward from the guidelines and sentenced appellant to four years' imprisonment followed by eleven years' probation. The court's written reasons for departure were as follows:
1. The defendant was placed on probation on July 1, 1985, for the offense of keeping a gambling house. The unlawful conduct giving rise to that charge occurred in April, 1984, and the defendant was arrested on February 8, 1985. Accordingly, he had been arrested on that charge before he committed the grand theft for which he is now being sentenced. The prior felony (keeping a gambling house) is in no way considered by his scoresheet, but his prior unlawful conduct which was illegal activity calculated to obtain a pecuniary benefit is *895 something that should be considered in pronouncing sentence on the grand theft.
2. The theft of over $47,000.00 by a defendant who had been arrested for and later was placed on probation for the third degree felony of keeping a gambling house demonstrates repeat criminal activity within about thirteen months in financially motivated scenarios justifying sentence to the Department of Corrections, coupled with long term probation to permit restitution.
In order to determine the legality of the departure, it is necessary to consider the time sequence of appellant's crimes:

 April 1984 Commission of keeping a gambling house
 May 29, 1985 Commission of grand theft
 July 1, 1985 Adjudication withheld and probation imposed for keeping
 a gambling house
 October and Conviction and sentencing for
 November 1985 grand theft

A prior crime which has already been factored into the guidelines cannot be a valid basis for departure. Hendrix v. State, 475 So.2d 1218 (Fla. 1985). On the other hand, the conviction of a crime which is not eligible for guidelines computation may justify an upward departure. Prince v. State, 461 So.2d 1015 (Fla. 4th DCA 1984). Here, in departing, the court relied upon appellant's offense of keeping a gambling house which occurred prior to the subject theft but for which he was not convicted until after the theft had taken place.
In Frank v. State, 490 So.2d 190 (Fla. 2d DCA 1986), our court construed Florida Rule of Criminal Procedure 3.701(d)(5)(a) to mean that any crime committed prior to the subject offense should be factored into the guidelines so long as the conviction of the prior crime takes place before the sentencing for the subject offense. Accord Williams v. State, 493 So.2d 48 (Fla. 2d DCA 1986). Relying upon Hunt v. State, 468 So.2d 1100 (Fla. 1st DCA 1985), the state contends that in order for the prior crime to be factored into the guidelines, the conviction must have occurred before commission of the subject crime. The state argues that the text of rule 3.701(d)(5)(a) applicable to appellant was:
"Prior record" refers to any past criminal conduct on the part of the offender, resulting in conviction, disposed of prior to the commission of the primary offense.
and that Frank was wrongly decided because it presupposed that the words "disposed of" were no longer part of the rule.
Admittedly, Frank was decided on the premise that the words "disposed of" had been eliminated from the rule because the supreme court had amended the rule to this effect, subject to the approval of the Florida Legislature, effective July 1, 1985. The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988  Sentencing Guidelines), 468 So.2d 220 (Fla. 1985). However, the legislature did not act on the rule in 1985. Thereafter, on December 19, 1985, the supreme court passed a similar amendment, subject to approval of the legislature, to be effective on July 1, 1986. The legislature did approve the rule in the 1986 session, so there is no doubt that the text of the rule as considered in Frank is applicable to sentencing subsequent to July 1, 1986.
Notwithstanding the proposition that the words "disposed of" may still have been a part of the rule when both Frank and appellant were sentenced, we cannot accept the state's proposition. In its opinion amending the rule on April 11, 1985, the supreme court stated in a footnote:
b) Rule 3.701(d)(5)(a) is revised by the elimination of the words "disposed of." These words are not susceptible of definition within the context of the rule and have generated confusion. The elimination of this wording does not alter the intent of this section.
468 So.2d at 221. While the words "disposed of" seem more likely to refer to a conviction than the commission of an offense, when these words were read in the context of the prior rule, they made little sense. Because the supreme court has stated that the rule as it now exists means the same as it did when the words "disposed *896 of" were included, the interpretation of the rule which we made in Frank is equally applicable to appellant. Aside from the placing of the commas relied upon in Frank, we see no reason why the rule would seek to exclude from guidelines computation those convictions which occur between the commission of the subject offense and the sentencing for that offense. The theory of giving the criminal an opportunity to reform which requires that the conviction of the prior crime predate the commission of the subject offense before it can be considered in sentencing under a recidivist statute, Joyner v. State, 158 Fla. 806, 30 So.2d 304 (1947), is not pertinent to sentencing under the guidelines. The use of the guidelines presupposes that all pertinent information concerning the defendant has been considered in determining the proper length of his sentence.
Accordingly, the prior felony of keeping a gambling house should have been factored into the sentencing guidelines and could not be considered as a reason for departure. We affirm appellant's conviction but reverse the sentence and remand for resentencing.
DANAHY, C.J., and CAMPBELL, J., concur.