536 So.2d 1021 (1988)
Riley SMITH, Petitioner,
v.
STATE of Florida, Respondent.
No. 72077.
Supreme Court of Florida.
December 8, 1988.
Rehearing Denied February 7, 1989.
James B. Gibson, Public Defender and Christopher S. Quarles, Asst. Public Defender, Daytona Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., and Kellie A. Nielan, Asst. Atty. Gen., Daytona Beach, for respondent.
McDONALD, Justice.
The Fifth District Court of Appeal certified the following question as one of great public importance:

*1022 DOES THE PRINCIPLE THAT GENERALLY, UPON REVERSAL OF A DEPARTURE SENTENCE, RESENTENCING MUST BE WITHIN THE PRESUMPTIVE GUIDELINES RANGE, BAR IMPOSITION OF A GREATER PRESUMPTIVE SENTENCE BASED UPON A REVISED SCORESHEET REFLECTING AS "PRIOR RECORD" ADDITIONAL CONVICTIONS OBTAINED AFTER THE FIRST APPEAL WAS TAKEN AND PRIOR TO RESENTENCING FOR CRIMINAL CONDUCT COMMITTED PRIOR TO THE INSTANT CRIME?
Smith v. State, 518 So.2d 1336, 1339 (Fla. 5th DCA 1988). We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution, and answer the question in the affirmative.
Riley Smith was convicted, in November 1985, of armed robbery in Marion County. Although the sentencing scoresheet recommended a sentence in the range of three and one-half to four and one-half years, the trial judge imposed a six-year sentence. Smith appealed, and, in October 1986, the Fifth District Court of Appeal invalidated the departure sentence and remanded the case for resentencing within the presumptive guideline range. Smith v. State, 495 So.2d 876 (Fla. 5th DCA 1986). In September 1986 Smith, pursuant to a plea agreement, pled guilty to five counts of armed robbery in Lake County. Under the terms of the agreement Smith was to receive seven and one-half years' imprisonment to be served consecutively to the sentence imposed in the case at bar. Upon remand of the instant matter, the state prepared a new sentencing guidelines scoresheet which included the five Lake County robberies as "prior offenses." This resulted in a recommended sentence of life imprisonment which the trial court imposed and the district court affirmed.
Equity compels us to vacate Smith's life sentence and remand the case for sentencing within the original range of three and one-half to four and one-half years. If Smith had been properly sentenced in the initial proceeding, he would not be facing life imprisonment. To sustain the life sentence would be to punish Smith for the trial court's mistakes. The more equitable result is to place him in the position he would have been in absent the court's error. This is consistent with the rule espoused in Shull v. Dugger, 515 So.2d 748, 749 (Fla. 1987), that "when all of the reasons stated by the trial court in support of departure are found invalid, resentencing following remand must be within the presumptive guidelines sentence." The district court found the reasons for departure to be invalid, and, therefore, Smith should be resentenced according to the original scoresheet.
In conclusion, fairness compels us to answer the certified question in the affirmative. We therefore quash the district court's decision and order a remand for resentencing within the original guidelines range.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.