LETTS, Judge.
At sentencing, the trial judge factored a prior federal conviction into the guideline scoresheet even though that conviction was obtained subsequent to the commission of the state offense which is the subject of this appeal. We affirm.
There is conflict among our sister courts as to whether a conviction occurring between the subject offense and sentencing for that offense, for a crime committed prior to the subject offense, may be scored. For example, the First District is of the opinion that, for purposes of scoring, “Florida Rule of Criminal Procedure 3.701(d)(5)(a) prohibits consideration of past criminal conduct for which convictions were not obtained prior to the commission of the primary offense.” Hunt v. State, 468 So.2d 1100, 1101 (Fla. 1st DCA 1985). However, the Second District has come to precisely the opposite conclusion. Falzone v. State, 496 So.2d 894 (Fla. 2d DCA 1986).
The question as to which of these two conflicting views we might prefer has been answered. Our own court has recently aligned itself with Falzone in Brown v. State, 529 So.2d 1247 (Fla. 4th DCA 1988). We, therefore, affirm.
AFFIRMED.
DELL and GUNTHER, JJ., concur.