ALTERNBERND, Judge.
Duval appeals his resentencing for sexual battery. Because this case is controlled by Smith v. State, 536 So.2d 1021 (Fla.1988), we reverse and remand for resen-tencing.
In Duval v. State, 500 So.2d 570 (Fla. 2d DCA 1986), this court affirmed the defendant’s conviction for sexual battery. This court, however, reversed his departure sentence of forty years’ imprisonment and remanded for resentencing “within the guidelines.”
At his initial sentencing, the guidelines scoresheet indicated a presumptive sentencing range of seventeen to twenty-two years of imprisonment. Because the sentence was imposed after revocation of probation, the guidelines sentence could have been increased to the next higher cell without requiring a reason for departure. Fla.R. Crim.P. 3.701(d)(14). Thus, a guidelines sentence in this case could not have exceeded twenty-two to twenty-seven years of imprisonment at the initial sentencing.
Upon remand, the trial court prepared a new scoresheet which included points for felony convictions obtained subsequent to the original sentencing. The two convictions, for insurance fraud and grand theft, involved crimes which Duval had committed prior to the sexual battery. Nevertheless, Duval did not plead guilty to those offenses until after his initial sentencing for sexual battery. Thus, the trial court could not have considered these convictions as “prior offenses” at the time of his initial sentencing. The points included for the two additional felony convictions allowed the trial court to sentence the defendant once again to forty years of imprisonment without departing under the new score-sheet.
The facts in this case are indistinguishable from the facts in Smith v. State, 536 So.2d 1021 (Fla.1988), reversing 518 So.2d 1336 (Fla. 5th DCA 1987). Accordingly, we reverse the defendant’s sentence and remand to the trial court for a sentencing not to exceed twenty-seven years of imprisonment.
CAMPBELL, C.J., and PATTERSON, J., concur.