THREADGILL, Judge.
Ernest Zinnermon appeals from his judgments and sentences for burglary with assault, sexual battery, and robbery. Affirmed in part and reversed in part.
This is the second appeal before this court concerning the appellant’s sentences. This court reversed and remanded the appellant’s first sentences for resentencing within the recommended guidelines range because the trial court erroneously based its departure from the recommended range on the appellant’s habitual offender status. Zinnermon v. State, 511 So.2d 716 (Fla. 2d DCA 1987). On remand, the trial court again departed from the recommended range of twenty-two to twenty-seven years’ incarceration and sentenced the appellant to life for burglary with assault, to be served concurrently with consecutive fifteen-year sentences for sexual battery and robbery.
At the time of resentencing, the state prepared a new scoresheet including a new offense committed by the appellant before the present offenses for which a conviction was obtained subsequent to the initial sentencing. The addition of points for the new offense raised the recommended sentence to life. The trial court was unsure whether the new offense could be scored and the recommended sentence raised; therefore, in an abundance of caution, it sentenced the appellant to life and submitted new reasons for departure.
The trial court erred in two respects. First, it should not have considered the new offense as a “prior offense” in the appellant’s score since, although the offense was committed prior to the subject offenses, a conviction was not obtained until after the appellant’s initial sentencing. See Duval v. State, 539 So.2d 15 (Fla. 2d DCA 1989).
Second, the trial court erred in departing from the twenty-two to twenty-seven year recommended guidelines range *816 after this court remanded for resentencing within the recommended range. When an appellate court finds that none of a trial court’s reasons for departure are valid, the trial court may not rely on new reasons for departure on remand. Shull v. Dugger, 515 So.2d 748 (Fla.1987).
Accordingly, we affirm the appellant’s judgments, and we reverse his sentences and remand for resentencing within the recommended guidelines range.
SCHEB, A.C.J., and HALL, J., concur.