SCHOONOVEE, Chief Judge.
The appellant, Harry Pollis, challenges the judgments and sentences imposed upon him after he was found guilty of attempted second degree murder, shooting into a building, and carrying a concealed weapon. We affirm the convictions but reverse and remand for resentencing.
We find no merit in the appellant’s contentions that the trial court committed error in the conduct of his trial and, accordingly, affirm his convictions. We also find no merit in the appellant’s contention that the trial court erred by including an un- *992 counseled conviction on the guideline score-sheet. The appellant did not carry his burden on this issue. Croft v. State, 513 So.2d 759 (Fla. 2d DCA 1987).
We agree, however, with the appellant’s contention that the scoresheet improperly scored two misdemeanor convictions as pri- or record. The appellant’s scoresheet included points under prior record for two misdemeanor convictions based upon offenses which were committed after the primary offense for which appellant was being sentenced in this case. Convictions for crimes which are committed after the offense for which a defendant is being sentenced should not be scored as prior record. Thorp v. State, 555 So.2d 362 (Fla.1990); Falzone v. State, 496 So.2d 894 (Fla. 2d DCA 1986); Fla.R.Crim.P. 3.701(d)(5)(a). The deletion from the scoresheet of points for these two misdemeanors results in a lower sentence range. Since the sentence imposed by the trial court exceeds this range, we reverse and remand for resen-tencing after the preparation of a proper scoresheet.
Remanded for resentencing.
THREADGILL and PARKER, JJ., concur.