PER CURIAM.
The defendant, Julio Rodriguez, appeals ' the sentence he received after he was convicted of battery on a law enforcement officer. We affirm.
The defendant was sentenced to a term of five years in prison to run concurrently with the defendant’s sentence for domestic violence, which the trial court had delivered earlier at the same sentencing hearing. The defendant argues that the trial court erred in sentencing the defendant based on an incorrect guidelines score sheet. However, a review of the record reveals that the score sheet is correct.
Rule 3.701(d)(5)(a), Florida Rules of Criminal Procedure (1991), states: “ ‘Prior record’ refers to any past criminal conduct on the part of the offender, resulting in conviction, prior to the commission of the primary offense.”. In Thorp v. State, 555 So.2d 362 (Fla.1990), the court “held that an offense committed before the primary offense for which a conviction is obtained prior to sentencing the primary offense may be scored as prior record.” Stephens v. State, 559 So.2d 687, 691 (Fla. 1st DCA 1990).
In the instant case, the defendant was convicted in Texas of a felony and had just been convicted of domestic violence. Thus, the score sheet correctly includes 33 points for two prior second degree felony convictions. Moreover, the score sheet reflects a total of 185 points, which permits a sentence up to five and half years incarceration. See Rule 3.988(d), Fla.R.Crim.P. Accordingly, the defendant was sentenced within the permitted range. We affirm the sentence imposed upon the defendant.
Affirmed.