PER CURIAM.
We affirm the trial court’s denial of defendant Leonardo T. Morales’ petition for writ of habeas corpus.
Morales first argues that, upon resen-tencing, the inclusion of case no. 85-3514 as a prior record rather than as an additional offense in the guideline scoresheet was error. This issue, however, has already been decided by Morales v. State, 613 So.2d 922, 923 n. 1 (Fla. 3d DCA 1993). See also Rodriguez v. State, 589 So.2d 439 (Fla. 3d DCA 1991); Thorp v. State, 537 So.2d 205 (Fla. 4th DCA 1989).
Morales next argues that his life sentence should be reduced to a thirty year maximum sentence. However, burglary with an assault is a first degree felony which can be punishable by life imprisonment. See Fla. Stat. § 810.02(2)(a)(2002); Burdick v. State, 594 So.2d 267, 268 n. 5 (Fla.1992) (use of the term “punishable by term of years not exceeding life imprisonment,” is synonymous with “punishable by life imprisonment”).
Morales’ argument that his sexual battery conviction should be set aside also lacks merit. See State v. Foreman, 476 So.2d 662 (Fla.1985).
Affirmed..