PER CURIAM.
Cleveland Grant (“Grant”) was charged with resisting arrest with violence, battery on a police officer, resisting arrest without violence, and possession of cannabis for a December 5, 1997 incident in Case 98-3015. In Case 99-7722, Grant was charged with possession of cocaine with intent to deliver and possession of cannabis for an April 27,1999 incident.
Grant pled nolo contendere to these charges. In Case 98-3015, Grant was sentenced based on a scoresheet including 14 points for a prior conviction for burglary of a dwelling stemming from a December 15, 1997 incident. The same 14 points were included in the sentencing scoresheet for Case 99-7722. Grant objected to the inclusion of the points for the burglary conviction in both cases because he was convicted and sentenced for that crime subsequent to the incidents in the cases for which he was being sentenced. The trial judge took no action in response to the objection, and sentenced Grant to concurrent 64.65 month prison sentences, with a mandatory minimum of five years due to Grant’s status as a Prison Releasee Reof-fender.
Florida Rule of Criminal Procedure 3.701(d)(5) defines prior record as “any past criminal conduct on the part of the offender, resulting in conviction, prior to the commission of the primary offense.” This definition has been construed to mean that only the past offense must occur before the primary offense, not the conviction on that offense (although there must be a conviction prior to sentencing on the primary offense). Thorp v. State, 555 So.2d 362, 363 (Fla.1990).
The State asserts that in any event, Grant’s sentences must be affirmed because he failed to provide adequate record evidence of the burglary offense and conviction, as was his responsibility under Florida Rule of Appellate Procedure 9.200(e). See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979). However, the State also concedes error concerning Case 98-3015, because the incident in that case occurred approximately 10 days before the alleged date of the burglary offense. We accept this concession, and accordingly reverse and remand Grant’s sentence for proper recalculation, excluding points for the burglary conviction, in Case 98-3015. However, we agree that adequate record evidence of the burglary commission date was not presented in the record by Grant, and therefore, must affirm his sentence as to Case 99-7722 as per Applegate.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR CORRECTION OF SENTENCE.
GUNTHER, TAYLOR and HAZOURI, JJ., concur.