IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ROCHELLE HAWKINS,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-3685

Opinion filed April 17, 2015.

An appeal from the Circuit Court for Leon County.
Terry P. Lewis, Judge.

Nancy A. Daniels, Public Defender, and Joel Arnold, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and David Campbell, Assistant Attorney General, Tallahassee, for Appellee.

WOLF, J.

     Appellant argues that the trial court erred in considering as prior record on his Criminal Punishment Code scoresheet a crime for which he was convicted after he committed the primary offense. We determine that the trial court properly treated as prior record the criminal convictions which occurred prior to sentencing in the instant case and affirm.

Appellant was first arrested and charged with four offenses that are not the subject of the current appeal, including armed robbery with a firearm, attempted armed robbery with a firearm, aggravated battery with a deadly weapon, and the burglary of a dwelling where a person was assaulted.

Appellant was then released on pre-trial release. While on pre-trial release, he was arrested and charged by information in the current case with possession of cocaine with intent to sell or deliver, carrying a concealed firearm, and resisting an officer without violence.

Appellant was then sentenced to ten years' imprisonment on his four original charges. After being sentenced in that case, he made an open plea to the court in the current case.

The Criminal Punishment Code scoresheet for the current case included, as a part of appellant's prior record, the four prior offenses for which appellant was convicted *after* he committed the current offenses. With that prior record, appellant scored a lowest permissible prison sentence of 68.55 months.

Appellant claims that the lower court improperly scored as prior record the convictions for his initial four offenses, because, though he *committed* those offenses prior to the commission of the current offenses, he was not *convicted* of those four offenses until after the commission of the current offense.

## Prior Record Defined

"Prior record" is defined both within the Florida Statutes and in the Florida Rules of Criminal Procedure. The statutory definition of "prior record" is "a conviction for a crime committed by the offender, as an adult or a juvenile, prior to the time of the primary offense." § 921.0021(5), Fla. Stat. (2013). Similarly, the Florida Rules of Criminal Procedure define "prior record" as "any conviction for an offense committed by the offender prior to the commission of the primary offense." Fla. R. Crim. P. 3.704(d)(14).

## Precedent

In Thorp v. State, 555 So. 2d 362, 363 (Fla. 1990), the Florida Supreme Court held that only past *conduct* must occur prior to the commission of the primary offense in order to be considered "prior record." However, the definition of "prior record" in 1990 differed: it was defined then as "any past criminal conduct on the part of the offender, resulting in conviction, prior to the commission of the primary offense." Fla. R. Crim. P. 3.701(d)(5).

We determine the holding in Thorp, even though addressing somewhat different language, still remains good law. In Thorp, the court stated, "There is little reason why prior record should not include all past crimes for which convictions have been obtained before sentencing." Thorp, 555 So. 2d at 363.

3

Nothing in the enactment of the Criminal Punishment Code or the new rule language indicates that reasoning is any less valid.

Further, in interpreting whether "prior record" as defined currently both by Florida Statute and by the Florida Rules of Criminal Procedure encompasses a conviction that occurs after the commission of the primary offense, it is useful to utilize the last antecedent doctrine. The last antecedent doctrine provides that "relative and qualifying words, phrases and clauses are to be applied to the words or phrase immediately preceding, and are not to be construed as extending to, or including, others more remote." City of St. Petersburg v. Nasworthy, 751 So. 2d 772, 774 (Fla. 1st DCA 2000).

Here, pursuant to statute, "prior record" is defined as "a conviction for a crime committed by the offender, as an adult or a juvenile, prior to the time of the primary offense." § 921.0021(5), Fla. Stat. The last antecedent doctrine determines that the qualifying phrase "prior to the time of the primary offense" modifies "crime" rather than "conviction." Thus, to be considered "prior record," only the crime must occur prior to the time of the primary offense.

Similarly, pursuant to the Florida Rules of Criminal Procedure, which defines "prior record" as "any conviction for an offense committed by the offender prior to the commission of the primary offense," the last antecedent doctrine determines that the qualifying phrase "prior to the commission of the primary

4

offense" modifies the word "offense" rather than the word "conviction." Fla. R. Crim. P. 3.704(d)(14). Thus, again, only the underlying offense must occur prior to the commission of the primary offense.

Therefore, we hold that as in <u>Thorp</u>, 555 So. 2d at 363, appellant's prior record was properly scored because appellant committed the prior record offenses prior to committing the primary offense in the current case.

For the foregoing reasons, we AFFIRM.

BENTON and RAY, JJ., CONCUR.