# Third District Court of Appeal

**State of Florida**

Opinion filed June 3, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2326
Lower Tribunal No. 85-3768
_____


**Leonardo T. Morales,**
Petitioner,

vs.

**The State of Florida, et al.,**
Repondents.


A Petition for Writ of Habeas Corpus from the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

Leonardo T. Morales, for petitioner.

Pamela Jo Bondi, Attorney General, and Keri T. Joseph, Assistant Attorney General, for respondents.


Before SHEPHERD, C.J., and EMAS and SCALES, JJ.

SCALES, J.

Leonard T. Morales petitions this Court for a writ of habeas corpus challenging the legality of his sentence of life imprisonment. For the reasons stated below, we deny Morales's instant petition for a writ of habeas corpus and order Morales to show cause why this Court should not prohibit Morales from making further pro se filings in circuit court case 85-3768.

In 1986, a jury found Morales guilty of: (1) burglary of an occupied dwelling with an assault without a weapon, and (2) sexual battery without a weapon.

For procedural reasons, this Court reversed and remanded for resentencing. Morales v. State, 563 So. 2d 211 (Fla. 3d DCA 1990) (Mem). Subsequently, this Court approved the trial court's original sentence. Morales v. State, 580 So. 2d 787 (Fla. 3d DCA 1991) (Mem). Due to an evolving view of departure orders by the Florida Supreme Court,[1] this Court remanded for resentencing again. Morales v. State, 613 So. 2d 922 (Fla. 3d DCA 1993).

Thus, on May 21, 1993, the trial court re-sentenced Morales. Under a revised scoresheet, the trial court again imposed upon Morales a sentence of life imprisonment. It is this sentence, twenty-two years and many petitions and appeals later, that brings Morales again to the attention of this Court. Morales argues on behalf of his numerous filings that his confinement is a "manifest injustice."

---

[1] Smith v. State, 598 So. 2d 1063 (Fla. 1992).

2

This Court has given its attention several times in recent years to Morales on the exact issue raised in his current petition. See Morales v. State, 3D14-996 (Fla. 3d DCA May 8, 2014); Morales v. State, 106 So. 3d 945 (Fla. 3d DCA 2013) (Table); Morales v. State, 73 So. 3d 775 (Fla. 3d DCA 2011) (Table). In each of these cases, Morales petitioned for review of the scoresheet calculation in almost identical language that he employs in his current petition for writ of habeas corpus.[2]

## ORDER TO SHOW CAUSE

Morales is hereby directed to show cause, within forty-five days from the date of this opinion, why he should not be prohibited from filing any further pro se appeals, petitions, motions or other proceedings related to his criminal sentencing in circuit court case number 85-3768.

If Morales does not demonstrate good cause, any such further and unauthorized filings by Morales will subject him to appropriate sanctions, including the issuance of written findings forwarded to the Florida Department of

---

[2] In addition, Morales has filed the following petitions and appeals in this Court since his 1993 re-sentencing: Morales v. State, 638 So. 2d 130 (Fla. 3d DCA 1994) (Mem); Morales v. State, 654 So. 2d 929 (Fla. 3d DCA 1995) (Table); Morales v. State, 661 So. 2d 836 (Fla. 3d DCA 1995) (Table); Morales v. State, 681 So. 2d 288 (Fla. 3d DCA 1996) (Table); Morales v. Singletary, 741 So. 2d 1274 (Fla. 3d DCA 1999) (Mem); Morales v. State, 842 So. 2d 909 (Fla. 3d DCA 2003) (Mem); Morales v. State, 927 So. 2d 1021 (Fla. 3d DCA 2006) (Mem); Morales v. State, 947 So. 2d 1177 (Fla. 3d DCA 2006) (Table). We also note the multiple filings Morales has made in the Florida Supreme Court and in the federal court system.

Corrections for its consideration of disciplinary action, including forfeiture of gain time. <u>See</u> § 944.279(1), Fla. Stat. (2014).

Petition denied. Order to show cause issued.