DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DAVID FOX,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-1374

[October 2, 2019]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Gary L. Sweet, Judge; L.T. Case No. 502016CF002371A.

Carey Haughwout, Public Defender, and Stacey Kime, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jessenia J. Concepcion, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

In this appeal, the defendant primarily argues that the circuit court, in sentencing him for the instant crimes, violated *Norvil v. State*, 191 So. 3d 406 (Fla. 2016), by considering a collateral crime which the defendant committed before the instant crimes, but for which the defendant was not convicted until *after* he committed the instant crimes.

The state argues that *Norvil* is inapplicable. According to the state, although the defendant was not convicted of the collateral crime until after he committed the instant crimes, he nevertheless committed his collateral crime *before* committing the instant crimes, and was *convicted* of his collateral crime before he was *sentenced* for the instant crimes.

We agree with the state's argument. We hold that if a defendant commits, but is not convicted of, a collateral crime before committing the instant crimes, the sentencing court still may consider the collateral crime in rendering sentence for the instant crimes, if the defendant has been convicted of the collateral crime before sentencing for the instant crimes. Therefore, we affirm the defendant's sentence for the instant crimes.

We present this opinion in three parts:
1. an examination of *Norvil*;
2. the parties' arguments in this case; and
3. our review, based on the Criminal Punishment Code and precedent.

## 1. *An Examination of Norvil*

In *Norvil*, the defendant entered an open plea to the charge of armed burglary of a dwelling. *Id.* at 407. Before sentencing, the state recommended that the court consider a new charge against the defendant for burglary of a vehicle, which the defendant allegedly committed while he was on pre-trial release for the burglary of a dwelling charge. *Id.* Defense counsel objected to the state's recommendation. *Id.*

The trial court, in pronouncing sentence on the armed burglary of a dwelling charge, referred to the new burglary of a vehicle charge, noting that the arrest for the new charge occurred while the defendant was on pre-trial release. *Id.* at 408.

Upon the defendant's ultimate appeal to our supreme court, the issue was framed as "whether the trial court violated the defendant's due process rights by considering a *subsequent arrest without conviction* during sentencing for the primary offense." *Id.* (emphasis added).

The supreme court held that "a trial court may not consider a *subsequent arrest without conviction* during sentencing for the primary offense." *Id.* at 407 (emphasis added). The supreme court reasoned:

> The [Criminal Punishment Code] embodies the principles that:
>
> [t]he primary purpose of sentencing is to punish the offender. Rehabilitation is a desired goal of the criminal justice system but is subordinate to the goal of punishment. The penalty imposed is commensurate with the severity of the primary offense and the circumstances surrounding the primary offense. The severity of the sentence increases with the length and nature of the offender's *prior record*.
>
> § 921.002(1)(b), (c), and (d), Fla. Stat. (2010) . . . .

2

In the present case, the record reflects that the sentencing judge ordered a presentencing investigation (PSI) report pursuant to § 921.231(1), Fla. Stat. (2010). The purpose of the PSI report is to provide the sentencing court with information that is helpful in determining the type of sentence that should be imposed. Fla. R. Crim. P. 3.712(a). This report must include, *inter alia*, the offender's *prior record of arrests and convictions*. § 921.231(1)(c), Fla. Stat. (2010). In other words, *by definition, the arrests <u>and convictions</u> considered by a trial judge in sentencing occur "prior to the time of the primary offense," and not subsequent to the primary offense.* § 921.0021(5), Fla. Stat. (2010). Additionally, the terms "primary offense" and "prior record," which are included in the CPC's sentencing principles, *do not include a subsequent arrest and its related charges.* See §§ 921.0021(4)(5), Fla. Stats. (2010).

With regard to the sentencing criteria enunciated in chapter 921, along with its applicable definitions, we conclude that the CPC is unambiguous concerning the factors a trial court may consider in sentencing a defendant. The Legislature included *prior arrests* as information that is helpful in imposing the appropriate sentence for a defendant. § 921.231(1)(c), Fla. Stat. (2010). However, if the Legislature had intended to include *subsequent arrests and their related charges* as permissible sentencing factors, it would have done so. . . .

The record demonstrates that the trial court relied on the *subsequent arrest and charge*, which [the defendant] denied and also had not been tried for, in imposing sentence in the present case. . . . Even though the record shows that the prosecutor did not go into detail about the evidence in the burglary of a vehicle charge . . . based on the trial court's comments, the trial court emphasized and relied upon the *subsequent arrest and its related charge* of burglary of a vehicle in sentencing [the defendant] on the primary offense.

Accordingly, the State failed to show that the trial court did not rely on the pending charge resulting from the subsequent arrest for burglary of a dwelling. Furthermore, chapter 921 is unambiguous and specifically states that *prior arrests and convictions, not subsequent arrests and their related charges, are appropriate sentencing considerations.* In conclusion, we

adopt the following bright line rule for sentencing purposes: *a trial court may not consider a subsequent arrest without conviction during sentencing for the primary offense.* This rule is consistent with the Criminal Punishment Code, and it preserves a defendant's due process rights during sentencing.

*Id.* at 409-10 (emphases added).

## 2. *The Parties' Arguments in this Case*

Here, the defendant primarily relies upon one of the emphasized sentences of *Norvil* quoted above – "*by definition, the arrests <u>and</u> <u>convictions</u> considered by a trial judge in sentencing occur 'prior to the time of the primary offense,' and not subsequent to the primary offense*" – to argue that even though he committed his collateral crime *before* committing the instant crimes, the collateral crime could not be considered by the sentencing court for the instant crimes, because he was not convicted of the collateral crime until *after* he committed the instant crimes. Further, the defendant argues, because section 921.231(1)(c) does not mention "subsequent convictions for prior arrests," it is improper for a sentencing court to consider "subsequent convictions for prior arrests" in rendering sentence. Thus, the defendant argues, "[t]o constitute a valid sentencing factor, the collateral conviction must precede the date of the primary offense."

The state responds that *Norvil* is distinguishable because *Norvil* involved a "subsequent arrest without conviction." Here, however, the defendant committed his collateral crime *before* committing the instant crimes, and was convicted for his collateral crime *before* he was sentenced for the instant crimes. According to the state, while *Norvil* did "lump" arrests and convictions together in the quote above upon which the defendant relies, *Norvil* did not hold that both arrest and conviction for the collateral crime must have been completed before a defendant commits a subsequent crime. Rather, the state argues, a sentencing court may consider a collateral crime if two conditions exist: (1) the defendant committed the collateral crime *before* committing the instant crimes; and (2) the defendant has been convicted of the collateral crime *before* being sentenced for the instant crimes.

## 3. *Our Review*

Although the defendant did not raise his argument in this appeal at sentencing or via a Florida Rule of Criminal Procedure 3.800(b) motion, the defendant's argument, *if correct*, would be reviewable for the first time

on appeal as fundamental error. *Cf. Hillary v. State*, 232 So. 3d 3, 4-5 (Fla. 4th DCA 2017) ("[A] trial court's consideration of a constitutionally impermissible sentencing factor is a fundamental error in the sentencing process which is reviewable for the first time on direct appeal.") (citation and internal quotation marks omitted). Thus, our review of the defendant's argument is de novo. *See also Charles v. State*, 204 So. 3d 63, 67 (Fla. 4th DCA 2016) "[W]hen a trial court relies on impermissible factors in sentencing a defendant, the court violates the defendant's due process rights. The standard of review is de novo.") (citations omitted).

We conclude that no error occurred, much less fundamental error. As the state argues, *Norvil* is distinguishable because *Norvil* involved a "subsequent arrest without conviction." Here, however, the defendant committed his collateral crime *before* committing the instant crimes, and was convicted for his collateral crime *before* he was sentenced for the instant crimes. As the state argues, although *Norvil* did "lump" arrests and convictions together in the quote upon which the defendant relies, we presume such language was directed to the factual situation at issue in *Norvil*, that is, a "subsequent arrest without conviction."

Thus, the question with which we are faced is: If a defendant *commits*, but is *not convicted* of, a collateral crime *before* committing the instant crimes, may the sentencing court still consider the collateral crime in rendering sentence for the instant crimes if the defendant has been convicted of the collateral crime *before sentencing* for the instant crimes?

We answer the question in the affirmative. We hold that if a defendant commits, but is not convicted of, a collateral crime before committing the instant crimes, the sentencing court still may consider the collateral crime in rendering sentence for the instant crimes, if the defendant has been convicted of the collateral crime before sentencing for the instant crimes.

We reach our holding based on the Criminal Punishment Code and case precedent. We address each in turn.

### a. *The Criminal Punishment Code*

As *Norvil* indicates, the Criminal Punishment Code permits a sentencing court to consider, among other things, an offender's "prior record." 191 So. 2d at 409 (citation omitted). The Criminal Punishment Code defines "prior record" as "a conviction for a crime committed by the offender, as an adult or a juvenile, prior to the time of the primary offense." § 921.0021(5), Fla. Stat. (2016).

5

We apply the "last antecedent doctrine" to conclude that section 921.0021(5)'s antecedent phrase, "committed by the offender, as an adult or juvenile, prior to the time of the primary offense," modifies only the immediately preceding term – "crime" – and not the earlier preceding term "conviction." *See Kasischke v. State*, 991 So. 2d 803, 811 (Fla. 2008) (under the last antecedent doctrine, "relative and qualifying words, phrases and clauses are to be applied to the words or phrase immediately preceding, and are not to be construed as extending to, or including, others more remote . . . only where no contrary intention appears") (citations and internal quotation marks omitted).

Thus, as the state argues, for a collateral crime to be considered a "prior record" during sentencing for the primary offense, two conditions must exist: (1) the defendant committed the collateral crime *before* committing the primary offense; and (2) the defendant has been convicted of the collateral crime *before* being sentenced for the primary offense. It is not necessary that the defendant be convicted of the collateral crime before the defendant has committed the primary offense.

### b. *Precedent*

Our conclusion is supported by an opinion on a very similar issue from the First District in *Hawkins v. State*, 162 So. 3d 1099 (Fla. 1st DCA 2015).

In *Hawkins*, the defendant was first charged with collateral crimes. *Id.* at 1100. While on pre-trial release, the defendant was charged with new crimes, i.e., the primary offenses. *Id.* The defendant was sentenced on the collateral crimes before sentencing on the primary offenses. *Id.* At sentencing on the primary offenses, the Criminal Punishment Code scoresheet included the collateral crimes as part of the defendant's prior record. *Id.*

On appeal to the First District, the defendant argued that the scoresheet improperly included the collateral crimes as part of his prior record because, though he committed the collateral crimes before committing the primary offenses, he was not convicted of the collateral crimes until after he committed the primary offenses. *Id.*

The First District concluded that the scoresheet properly included the collateral crimes, because the defendant committed the collateral crimes before committing the primary offenses. *Id.* at 1101. The First District based its conclusion both on statutory interpretation and reliance on Florida Supreme Court precedent in *Thorp v. State*, 555 So. 2d 362 (Fla. 1990). *Id.* at 1100-01.

6

Regarding statutory interpretation, the First District, as we have here, applied the last antecedent doctrine:

> Pursuant to statute, "prior record" is defined as "a conviction for a crime committed by the offender, as an adult or a juvenile, prior to the time of the primary offense." § 921.0021(5), Fla. Stat. The last antecedent doctrine determines that the qualifying phrase "prior to the time of the primary offense" modifies "crime" rather than "conviction." Thus, to be considered "prior record," only the crime must occur prior to the time of the primary offense.
>
> Similarly, pursuant to the Florida Rules of Criminal Procedure, which defines "prior record" as "any conviction for an offense committed by the offender prior to the commission of the primary offense," the last antecedent doctrine determines that the qualifying phrase "prior to the commission of the primary offense" modifies the word "offense" rather than the word "conviction." Fla. R. Crim. P. 3.704(d)(14). Thus, again, only the underlying offense must occur prior to the commission of the primary offense.

*Id.*

Regarding Florida Supreme Court precedent in *Thorp*, which addressed the same scoresheet issue, but under prior and different rule language, the First District stated:

> In *Thorp . . .* the Florida Supreme Court held that only past conduct must occur prior to the commission of the primary offense in order to be considered "prior record." However, the definition of "prior record" in 1990 differed: it was defined then as "any past criminal conduct on the part of the offender, resulting in conviction, prior to the commission of the primary offense." Fla. R. Crim. P. 3.701(d)(5).
>
> We determine the holding in *Thorp*, even though addressing somewhat different language, still remains good law. In *Thorp*, the court stated, "There is little reason why prior record should not include all past crimes for which convictions have been obtained before sentencing." *Thorp*, 555 So. 2d at 363. Nothing in the enactment of the Criminal

7

Punishment Code or the new rule language indicates that reasoning is any less valid.

*Id.* at 1100.

We agree with the First District's reasoning on both statutory interpretation and reliance on *Thorp*.

### *Conclusion*

Based on the foregoing, we hold that if a defendant commits, but is not convicted of, a collateral crime before committing the instant crimes, the sentencing court still may consider the collateral crime in rendering sentence for the instant crimes, if the defendant has been convicted of the collateral crime before sentencing for the instant crimes. Therefore, we affirm the defendant's sentence for the instant crimes.

On the defendant's second argument, that the sentencing court misunderstood whether the defendant pled no contest instead of guilty to the collateral crimes, we affirm without further discussion.

*Affirmed.*

WARNER and GROSS, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

8